UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BERNIE RAY MCGILL, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No.: 3:21-CV-23-TAV-HBG |
| HILTON HALL, JR., | ) |  |
| Respondent. | ) |  |

# MEMORANDUM OPINION

This matter comes before the Court on the pro se petition of Bernie Ray McGill for a writ of habeas corpus under 28 U.S.C. § 2254, and Respondent's motion to dismiss the petition as time barred. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed with prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 14, 2017, Petitioner pled guilty to aggravated assault in the Criminal Court for Knox County [Doc. 10-2 p. 4]. The judgment of conviction was entered on February 27, 2017 [*Id*. at 7, 37].[1] On February 8, 2018, a probation violation was filed against Petitioner, and Petitioner's probation was revoked on March 23, 2018, following a hearing [*Id*. at 5]. Thereafter, on April 16, 2018, Petitioner filed a petition for post-conviction attacking his 2017 guilty plea [Doc. 10-1 p. 4-10]. The post-conviction court

---

[1] The judgment of conviction is not included in the record. However, Petitioner does not contest — either in State court or in these proceedings — that the judgment was entered on February 27, 2017. *See McGill v. State*, No. E2018-01872-CCA-R3-PC, 2019 WL 3437789, at *3 (Tenn. Crim. App. July 30, 2019), *perm. app. denied* (Tenn. Dec. 4, 2019).

appointed counsel, and a hearing was held to determine whether due process required tolling of the one-year statute of limitations [*Id*. at 12-14]. The post-conviction court determined that equitable tolling was not warranted and dismissed the petition as untimely [Doc. 10-2 p. 40-41].

On appeal, the Tennessee Court of Criminal Appeals affirmed the decision of the post-conviction court. *See McGill v. State*, No. E2018-01872-CCA-R3-PC, 2019 WL 3437789, at *3 (Tenn. Crim. App. July 30, 2019), *perm. app. denied* (Tenn. Dec. 4, 2019). The Tennessee Supreme Court denied discretionary review [Doc. 10-9].

On December 22, 2020, the Court received the instant petition for writ of habeas corpus [Doc. 1]. Finding that Petitioner had sufficient resources to pay the $5.00 filing fee, the Court denied Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 5]. Thereafter, Petitioner paid the filing fee, and this Court directed Respondent to answer or respond to the petition [Doc. 7]. Respondent complied by filing a motion to dismiss the petition as untimely on May 12, 2021 [Doc. 11]. Petitioner did not file a response, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1.

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1).

Once the limitations period commences, it is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). However, "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

3

## III. DISCUSSION

A habeas corpus petition challenging a prisoner's confinement under a state-court judgment must typically be filed within one year of the date on which the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Once the one-year limitation period commences, the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is not counted against the one-year period. 28 U.S.C. § 2244(d)(2).

Petitioner's February 27, 2017, judgment became "final" on March 29, 2017, when the time expired for him to seek an appeal of his guilty plea. *See* Tenn. R. App. P. 4(a) (requiring notice of appeal to be filed within 30 days after entry of judgment appealed from); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding judgment of conviction entered upon guilty plea becomes final thirty days after acceptance of plea and imposition of sentence). Therefore, the AEDPA's statute of limitations commenced running on March 30, 2017 and expired on March 30, 2018.

Petitioner did not file his habeas petition until December 2020, over two years after the federal limitations period had expired. Petitioner's April 16, 2018, post-conviction petition does not render the federal petition timely, as the post-conviction petition was itself untimely under both the AEDPA and Tennessee law. *See* § 2244(d)(1) and Tenn. Code Ann. § 40-30-102(a) (providing that, absent certain exceptions, petitioner "must petition

---

[2] The exceptions in § 2244(d)(1)(B)-(D) are inapplicable in this case.

for post-conviction relief . . . within one (1) year of the date on which the judgment became final").

Accordingly, Petitioner's federal habeas petition was not timely filed, and the Court can consider its merits only if Petitioner establishes an entitlement to equitable tolling of the limitations period or demonstrates a "credible showing of actual innocence." *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies); *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (holding "credible showing of actual innocence" may overcome AEDPA's limitations period).

To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To demonstrate actual innocence, Petitioner must present "new reliable evidence. . . that was not presented at trial" that, when considered in conjunction with all the evidence, makes it "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 327-28, 324 (1995)). It is a standard that requires factual — not legal — innocence. *Bousley*, 523 U.S. at 623.

Petitioner has not addressed the issue of his petition's timeliness, much less argued an entitlement to equitable tolling or presented of a credible showing of actual innocence. Accordingly, the instant petition is untimely.

## IV. CERTIFICATE OF APPEALABILITY

This Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Rule 11(a) of § 2254 Rules. A COA must issue before Petitioner may appeal this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## V. CONCLUSION

For the reasons set forth herein, Respondent's motion [Doc. 11] will be **GRANTED**, and the federal habeas petition will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE